# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PEYTON JOHN WESLEY HOPSON, | ) | CASE NO. 5:15-cv-992 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STARK COUNTY SHERIFF'S OFFICE, | ) | |
| et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## Background

*Pro se* plaintiff Peyton John Wesley Hopson, a state prisoner incarcerated in the Belmont Correctional Institution, has filed this civil rights action pursuant to 42 U.S.C. § 1983, seeking $10 million in damages from the Stark County, Ohio Sheriff's Office and $1 million in damages from Stark County Deputy Harvey Emery.

Plaintiff alleges he was convicted of attempted rape in Mahoning County in 1990 and, in connection with this conviction, was classified and required under Ohio law to register once a year for ten years as a "sexually oriented offender." He alleges, however, that Deputy Emery subsequently "falsified" the charge of his registration and required him to comply with more stringent registration requirements than required by Ohio law. Specifically, he alleges that, upon his initial registration, Deputy Emery properly classified him as a sexually oriented offender but told him he was required under Ohio law to register every 90 days. Then, upon updating his registration in October 2004, he discovered that

Deputy Emery "had changed the charge of [his] registration" from "attempted rape" to "rape" and told the plaintiff this was also required by law. (Doc. No. 1 at 4.)

Plaintiff alleges that "from October 13, 2004, [he] registered with Stark County Sheriff's office as ordered by [Deputy Emery] every (90) days, under the charge of 'rape,' while residing in Stark County." (*Id.* at 5.) On April 10, 2008, upon registering with the Sheriff's Office, Emery told him that the State had changed his registration status to a tier III habitual sexual predator and that he was required by Ohio law to register for a lifetime.

Based on these allegations, plaintiff alleges that Deputy Emery "had falsified his registration documents and requirements, shamming [sic] [him] into believing that the State of Ohio required a more strenuous registration regimen on [him], [and] disseminating falsified information on [him] throughout the internet, public newspapers, and law enforcement and throughout the judicial system." (*Id.*)

**Analysis**

Because plaintiff is proceeding *in forma pauperis* and is suing a governmental entity and a governmental officer, the court must review his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See McGore v. Wigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Those statutes require federal district courts to screen and dismiss before service any prisoner complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 470-71 (2010). In order to state a claim under § 1983, a plaintiff must plead and prove that he was deprived of a right secured

by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. 42 U.S.C. § 1983; *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Upon review, the Court concludes that plaintiff's action must be dismissed for failure to state a claim on which relief may be granted. While courts are generally required to read *pro se* complaints indulgently, *see Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Plaintiff's complaint does not allege a plausible claim against either defendant under § 1983 because it does not allege a discernible constitutional violation. On its face, the complaint makes no reference whatsoever to any constitutional claim or provision. Rather, plaintiff's allegations that Deputy Emery "falsified" his registration documents and required him to adhere to more stringent registration requirements than Ohio law requires suggest, at the most, claims under Ohio law concerning the requirements of Ohio's sex offender registration statute, Ohio Rev. Code Ch. 2950.[1]

Plaintiff's complaint fails to state a claim against the Stark County Sheriff's Department for the additional reason that a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983. *Petty v. County of Franklin, Ohio,* 478 F.3d 341 (6th Cir. 2007).

---

[1] As the court noted in *Doe v. Dann*, No. 1:08 CV 220, 2008 WL 2390778, at *1 (N.D. Ohio June 9, 2008), Ohio has had some form of sex offender registration statute since 1963. In 1996, Ohio's sex offender statute, Ohio Rev. Code Ch. 2950, was modified by Megan's Law. *Id.* Megan's Law classified those who committed sexually oriented offenses as "sexually oriented offenders," "habitual sex offenders," and "sexual predators," and imposed various registration requirements on each. *See id*. at *1-2. Ohio's sex offender registration statute was modified again in 2007 by enactment of the Adam Walsh Act, which now classifies offenders as Tier I, II, and III and requires Tier III offenders to register every 90 days for a lifetime. *See id*. at *2.

## Conclusion

Accordingly, for all of the reasons stated above, plaintiff's § 1983 action fails to state a claim on which relief may be granted and is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A. In light of this ruling, plaintiff's pending motion for "service of summons and complaint" (Doc. No. 5) is denied. Additionally, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 16, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**