# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PEYTON JOHN WESLEY HOPSON, | ) | CASE NO. 5:15-cv-0992 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| STARK COUNTY SHERIFF'S OFFICE, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the post-judgment (and post-appeal) motion of plaintiff Peyton John Wesley Hopson ("Hopson") for relief from judgment, filed pursuant to Fed. R. Civ. P. 60(b)(6).[1] (Doc. No. 15.)

On May 19, 2015, Hopson, a state prisoner, filed a civil rights lawsuit under 42 U.S.C. § 1983 against the Stark County, Ohio Sheriff's Office and Stark County Deputy Harvey Emery seeking damages arising from their allegedly having falsified his sex offender registration documents. Hopson sought, and was granted, leave to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(b), the Court ordered him to pay the full filing fee (then $350.00) by way of monthly deductions from his prisoner account, not to exceed 20% of each month's income.[2] (*See* Doc. No. 7.)

On October 16, 2015, the same day Hopson was granted pauper status, this Court dismissed his complaint under the authority of 28 U.S.C. § 1915A[3] for failure to state a claim. (*See* Doc. Nos.

---

[1] Rule 60(b)(6) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[]: . . . (6) any other reason that justifies relief."

[2] Several such payments have been made to date, but the full fee has not yet been satisfied.

[3] Section 1915A provides, in relevant part, that the court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "shall identify cognizable claims or

8, 9.) Hopson filed a post-judgment motion for leave to amend (Doc. No. 10), which was denied (Doc. No. 11.) Although Hopson subsequently filed a notice of appeal to the Sixth Circuit (Doc. No. 12), the appeal was dismissed on December 30, 2015 for want of prosecution because Hopson failed to pay the filing fee. (*See* Doc. No. 14.)

Now, more than two years later, Hopson has filed his motion for relief from judgment. He argues that this Court improperly dismissed his action without notice and without an opportunity to amend, that the Court unduly burdened him by requiring the payment of a filing fee even though he was not permitted to litigate his claim, and that he should now be permitted to amend his complaint. Hopson relies upon outdated case law from other circuits to support his arguments.

There is no "other reason that justifies relief" in this case. The Court properly ordered Hopson to pay the full filing fee in installments, as required by 28 U.S.C. § 1915(b). The Court also properly screened Hopson's complaint, prior to service, under 28 U.S.C. § 1915A, and ordered dismissal because it failed to state a claim upon which relief could be granted.

Hopson's motion for relief from judgment (Doc. No. 15) is **denied**.

**IT IS SO ORDERED**.

Dated: March 29, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."