UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

PEYTON JOHN WESLEY HOPSON,
      PLAINTIFF,

vs.

CASE NO. 5:15-CV-992

STARK COUNTY SHERIFF'S OFFICE et al.,
      DEFENDANT(S).

NOTICE OF APPEAL

Notice is hereby given that PEYTON JOHN WESLEY HOPSON, hereby appeal to the United States Court of Appeals for the Sixth Circuit from the Order of the district court denying plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) entered in this action on the 19th day of October, 2018.

Peyton J. W. Hopson, pro se

P.O. Box 540

St. Clairsville, Ohio

43950

cc: Opposing Counsel_____
    Court of Appeals_____

My Issues On Appeal are:

## Background

On May 19, 2015 Hopson, a state prisoner, filed a civil rights lawsuit under 42 U.S.C. § 1983 against the Stark County, Ohio Sheriff's Office and Stark County Deputy Harvey Emery seeking damages arising from their allegedly having falsified his sex offender registration documents. Hopson sought and was granted leave to proceed in forma pauperis. (See Doc. No. 7.) On October 16, 2015, the same day Hopson was granted pauper status, the court dismissed his complaint under 28 U.S.C. § 1915 A for failure to state a claim and certified that an appeal from the decision could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), without stating in writing its reasons for the certification as required by FRAP 24(a)(3)(A) (See Doc. Nos. 8,9.) Hopson's post-judgment motion for leave to amend was denied. (See Doc. Nos. 10, 11.) Hopson filed a notice of appeal to the Sixth Circuit requesting to proceed on appeal in forma pauperis. Hopson was denied pauper status. On December 30, 2015 the appeal was dismissed for want of prosecution because Hopson, being indigent, could not pay the filing fee. (Doc. No. 14.)

Hopson filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) claiming that the court's decision to not provide him with a notice of the dismissal and an opportunity to cure the deficiencies in the pro se, in forma pauperis complaint against Fed. R. Civ. P. 15(a) and precedence. (See Doc. No. 15.) The court denied Hopson's motion for relief from judgment without addressing the issue of "notice and opportunity to cure deficiencies". However, the court did state that Hopson relied on the outdated case law of other circuit courts. (See DOC. No. 16.) Hopson filed a timely motion for reconsideration. In the motion he pointed out that the court had overlooked

\

the fact that there is up-to-date Sixth Circuit case law that justifies relief from judgment and overwhelmingly supports his arguments: Dunn v. Holloway, 2017 U.S. Dist. LEXIS 35154; citing Brown v. R.I., 511 Fed. Appx. 4, 2013 WL 646487, at 1 (1st Cir. 2013) (per curiam)("ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and opportunity to cure the deficiencies in the complaint must be afforded"); Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3rd Cir. 2002)("in forma pauperis plaintiff who files a complaint subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"). Fed. R. Civ. P. 12(b)(6) provides, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: []...(6) failure to state a claim upon which relief can be granted...." (See Doc. No.17.)

After (8) months Hopson filed a Motion To Proceed to Judgment. (Doc. No. 18.) Again, without addressing Hopson's issue the court denied his motion for reconsideration (Doc. No. 17) and denied the motion to proceed to judgment. (Doc. No. 18.) Hopson now appeals the district court's decision to this Sixth Circuit Court.

### ABUSE OF DISCREATION

Mayhew v. Int'l Mktg. Group, 6 Fed. Appx. 277, Appellate courts review a district court's decision to deny a Fed. R. Civ. P. 60(b) motion for abuse of discretion. A district court abuses its discretion when it relies on clearly erroneous findings of facts, uses incorrect legal standards, or applies the law incorrectly. Legal conclusions are subject to de novo review. Id.

2

Fed. R. Civ. P. 60(b)(6) has no prospective application requirement and allows relief for any reason justifying relief from the operation of the judgment. Mayhew, Id.

In Mayhew, the Court held, We believe the district court abused its discretion in denying Mayhew's motion for relief from judgment...for two reasons. Of pertinence to the instant matter is the second reason: "...the extent that its denial of Mayhew's motion for relief from judgment disregarded [statutory law] and [the precedence of the Court].[* 279]. Hn.3. the district court did not address Mayhew v. Allsup or 17 U.S.C. § 303(b) when it denied Mayhew's motion. Instaead, in a one paragraph order, the district court found Mayhew's motion to be "without merit."

In the instant matter, Hopson invoked: Dunn v. Holloway, 2017 U.S. Dist. LEXIS 35154; citing Brown v. R.I., 511 Fed. Appx. 4, 2013 WL 646487, at 1 (1st Cir. 2013) (per curiam) ("ordinarily before dismissal for failure to state a claim is ordered, some form of notice and opportunity to cure the deficiencies in the complaint "must be afforded"); Grayson v. Mayview State Hosp., 2293 F.3d 103, 114 (3rd Cir. 2002), ("in forma pauperis plaintiff who files a complaint subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"). Fed. R. Civ. P. 12(b)(6) provides: Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: [ ]...(6) failure to state a claim upon which relief can be granted...". See Petition for Panel Rehearing (Doc. No. 17.) Also see, Motion To Proceed To Judgment (Doc. No. 18) where Hopson invoked Sixth Circuit recognized case law Gonzalez v. United States, 257 F. 3d 31, 37 (1st Cir. 2001), this does not mean, of course, that every

sua sponte dismissal entered without notice to plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then sua sponte dismissal may stand.

On March 29, 2018 the court denied both the motion for reconsideration and the motion to proceed to judgment stating, a one liner, "...the court having found no basis for relief under the rule. (Doc. Nos. 16, 19.) The district court disregards the previous ruling of the Court and Fed. R. Civ. P. 15(a)(2) which provides, The court should freely give leave when justice so requires.

Plaintiff seeks reversal of the district's judgment based on an abuse of discretion, that plaintiff be granted leave to amend his complaint.

Respectfully Submitted,

Peyton John Wesley Hopson. pro se
#662-444
P. O. Box 540
St. Clairsville, Ohio 43950

4